Filed 6/13/16  P. v. Jaramillo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C077735 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF 14-2969) |
| v. | |
| FRANCISCO PANCHO JARAMILLO, | |
| Defendant and Appellant. | |

A jury convicted defendant Francisco Pancho Jaramillo of infliction of corporal injury on a former cohabitant (Pen. Code, § 273.5, subd. (a); undesignated section references are to this code; count 1) and, in connection with the offense, found defendant inflicted great bodily injury (§ 12022.7, subd. (e)).  In bifurcated proceedings, the court sustained a prior prison term allegation (§ 667.5, subd. (b)).

The court sentenced defendant to state prison.

1

Defendant appeals, contending the trial court prejudicially erred in failing to instruct the jury on unanimity. He argues the prosecution presented multiple acts to prove a single count of infliction of corporal injury on a former cohabitant. He concedes the enhancement for great bodily injury was based on the finding he broke the victim's rib by slamming her into a wall.

The People claim an unanimity instruction was not required because the evidence described a continuous course of conduct and the prosecutor elected the act which formed the basis for the corporal injury charge and enhancement. Moreover, the People claim any instructional error was harmless beyond a reasonable doubt.

We conclude the trial court did not have a duty to provide a unanimity instruction.

The information charged defendant with one count of corporal injury which occurred "[o]n or about June 23, 2014," and that during the commission of the offense, defendant personally inflicted great bodily injury under circumstances involving domestic violence.

We recount the evidence adduced at trial. About 7:00 p.m. on June 22, 2014, Felicia L. and defendant, who had been dating for almost two years, were walking towards her home when they heard a girl yell out defendant's name. Defendant tried to let go of Felicia's hand and she asked what was going on. When they arrived at Felicia's home, defendant "just snapped," yelling at her and calling her names. She tried to enter her home but defendant grabbed her so tightly he left finger-shaped bruises on her arms. He shoved her into the corner of the garage and her side hit the corner. He used his body to "body slam" and pin her against the wall. When she screamed and told him to get away, he stopped and walked away "like nothing happened." Later that night, they slept together at an abandoned hospital across the street from her home. He was homeless and that was where he normally slept at night.

The next day, they had a picnic at the park. She felt a sharp pain in her side that had hit the corner of the garage the night before. The pain worsened during the day and

when defendant touched her side, she felt like she was about to pass out. When they left the park, they walked passed a woman who Felicia described out loud as a "whore." Defendant backhanded Felicia. When they arrived at Felicia's home, defendant pushed her against the gate and slapped her repeatedly in the mouth. Defendant stopped when Felicia's uncle walked up to the house. Felicia asked her uncle to take her to the hospital. The pain in her side had worsened to the point it was difficult to breathe. At the hospital, an X-ray revealed she had a fractured rib. She also had scratches and bruising on her face and arms, facial swelling, and a knot on her head. At trial, Felicia testified defendant tried to discourage her from testifying against him.

A man Felicia referred to as her uncle, who was actually the longtime companion of her mother, was called to testify by the defense. He said Felicia had been staying at his house for approximately two years. When she asked for a ride to the hospital, she told him defendant had "poked" her and her ribs were hurting. The "uncle" could see she was crying. He took her to the emergency room. He testified Felicia often drank alcohol throughout the day.

The officer who interviewed Felicia at the hospital testified Felicia claimed defendant had "body slammed" her against the corner of the wall and punched her with a closed fist in the face and arms on June 23, and he had thrown her against a wall and slapped her on June 22. The officer testified Felicia claimed the body slam on the 23 prompted the hospital visit on the 23. The officer also testified Felicia claimed both incidents occurred inside the house. The officer saw no signs in Felicia of recent alcohol, marijuana, or methamphetamine use. Felicia did not call the officer and did not want to make a report, fearing defendant would find out.

The trial court instructed the jury the prosecution did not have to prove the exact date on which the crime occurred. In closing argument, the prosecutor relied on defendant's continuous course of conduct over the two-day period to prove the charge. The prosecution relied on the victim's broken rib as constituting the great bodily injury.

The jury convicted defendant of the charge and found the great bodily injury enhancement to be true.

"As a general rule, when violation of a criminal statute is charged and the evidence establishes several acts, any one of which could constitute the crime charged, either the state must select the particular act upon which it relied for the allegation of the information, or the jury must be instructed that it must agree unanimously upon which act to base a verdict of guilty. [Citation.] There are, however, several exceptions to this rule. For example, no unanimity instruction is required if the case falls within the continuous-course-of-conduct exception, which arises 'when the acts are so closely connected in time as to form part of one transaction' [citation], or 'when . . . the statute contemplates a continuous course of conduct of a series of acts over a period of time' [citation]. There also is no need for a unanimity instruction if the defendant offers the same defense or defenses to the various acts constituting the charged crime. [Citation.]" (*People v. Jennings* (2010) 50 Cal.4th 616, 679.)

*People v. Thompson* (1984) 160 Cal.App.3d 220 concluded a violation of section 273.5 involved a continuous course of conduct over time in that each act might not be a crime but the "cumulative outcome" amounted to the crime. (*Id.* at p. 225; *People v. Jennings, supra*, 50 Cal.4th at p. 679.)

In his reply brief, defendant argues that *Thompson* is distinguishable because the victim in that case sustained numerous sexual and physical assaults over a period of weeks, whereas here, the victim "alleged two discrete acts which occurred on two separate days." We reject defendant's argument. As *Thompson* stated, a violation of section 273.5 "contemplates a continuous course of conduct of a series of acts over a period of time." (*People v. Thompson, supra*, 160 Cal.App.3d at p. 224.) Defendant cites no authority which supports his argument that a period of two days cannot constitute a period of time for the continuous-course-of-conduct exception to apply.

4

We agree with and will follow *Thompson.* The beatings of the victim over a two-day period were charged as a single crime. The prosecutor argued defendant's continuous course of conduct over the two-day period constituted the crime. Thus, a unanimity instruction was not required.[1]

Defendant misplaces his reliance upon *People v. Diedrich* (1982) 31 Cal.3d 263, a case involving separate acts of bribery, an offense which, in itself, does not consist of a continuous course of conduct. (*Id.* at p. 282.)

DISPOSITION

The judgment is affirmed.

      NICHOLSON      , Acting P. J.

We concur:

      MAURO      , J.

      MURRAY      , J.

---

[1] The jury found beyond a reasonable doubt that the victim sustained the broken rib in one beating or the other by defendant. The jury rejected the defense's attack on the victim's credibility and the defense suggestion the victim's broken rib was a preexisting injury or the victim fell and injured herself. Moreover, the jury heard evidence that defendant attempted to dissuade the victim from testifying against him, showing a consciousness of guilt.